J-A04022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BENTON STUDENT HOUSING, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LION CONSTRUCTION, LLC  LION CONSTRUCTION MANAGEMENT, LLC, SEAN SCHELLENGER, AND MICHAEL STILLWELL, | : | No. 1941 EDA 2018 |
| | : | |
| | : | |
| Appellants. | : | |

Appeal from the Order Entered, May 25, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  August Term, 2016 No. 000749.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 29, 2019**

Lion Construction, LLC, Lion Construction Management, LLC, Sean Schellenger, and Michael Stillwell (collectively, "Lion Construction" or "Defendants") appeal from the trial court's order denying their emergency petition to strike and/or open the $95,000 stipulated judgment following remand from this Court to determine whether Lion Construction had a right to cure an untimely payment under certain ambiguous provisions of the parties' settlement agreement. Upon review, we affirm.

This matter was previously before the Court on appeal from the trial court's initial order denying Lion Construction's emergency petition to strike and/or open the $95,000 stipulated judgment.  We have restated below the

_____
*Retired Senior Judge specially assigned to the Superior Court.

facts and procedural history from that case pertinent to the issues now before

us:

> Benton, a student-housing development company, entered into a construction contract with Streamline Solutions, LLC, for work on one of its student-housing developments. When Streamline breached its contract with Benton, Benton filed an action against Streamline that resulted in a $115,245.45 arbitrator's award in favor of Benton, dated October 16, 2015. On October 22, 2015, the owners of Streamline, Schellenger and Stillwell, formed Lion Construction, LLC and Lion Construction Management, LLC. The Streamline award was reduced to judgment on January 13, 2016; however, Benton was unsuccessful in collecting against it. As a result, on August 5, 2016, Benton instituted the "underlying action" against Lion Construction seeking to impose successor liability and to pierce Streamline's corporate veil with respect to Schellenger and Stillwell in order to recover its Streamline judgment.
>
> In the midst of discovery in the underlying action, the parties agreed to settle the case. To that end, the parties executed a settlement agreement (the "Agreement") on May 22, 2017, wherein they agreed to settle their respective claims relating to the Streamline judgment and to dismiss the Lion Litigation. The Agreement provided the following relevant terms:
>
> • Lion Construction would pay Benton $65,000.00 as the settlement amount;
>
> • Lion Construction would pay $35,000.00 as an initial payment, on or before the execution of the agreement or by May 19, 2017, whichever is earlier;
>
> • The balance of $30,000.00 shall be payment in equal monthly installments of $6,000.00 on the 15th day of each month, commencing on June 15, 2017, and continuing until paid in full. No interest shall accrue on any such payments.
>
> As security for payment of the settlement amount, Defendants executed and delivered a stipulated judgment in the amount of $130,000.00; the judgment would be filed in the event of an "uncured" default under the Settlement Agreement.
>
> In the event of a default, the Agreement provides that:

[If the] Defendants fail to make any of the payments set forth in paragraph 2 above, on the date which payment is due (a "Default"), Benton may: (a) seek to enter the Stipulated Judgment in the face amount thereof, with a credit for any payments made thereunder; and/or (b) pursue any further rights and/or remedies against the Defendants under applicable law. No such Default shall have occurred if, prior to the due date of such payment, Defendants provide proof to Benton of the overnight delivery of such payment, together with a tracking number for said delivery. If such tracking number evidences that payment was picked up for delivery before the due date, then that shall constitute timeliness of delivery. If the Defendants' payment is either lost or not delivered, Defendants shall provide a replacement check upon notice from Benton, or its counsel, by the next business day following receipt of such notice. For purposes of this paragraph, notice shall be deemed proper if given by electronic mail, fax, or other form of mail producing a receipt of mailing, addressed to counsel for the Defendants[.]

Defendants made the initial $35,000.00 payment under the Agreement. However, Defendants defaulted on the first $6,000.00 installment payment by failing to make the scheduled payment by June 15, 2017, or provide proof, pursuant to paragraph C(6) of the Agreement, that such payment was delivered. Accordingly, Benton filed a praecipe for a stipulated judgment. Thereafter, on June 19, 2017, Benton received a $6,000.00 check dated June 13, 2017, from Lion Construction, LLC; the postage Lion used to mail the payment did not bear a postmark. Defendants also attempted to hand-deliver a check to Benton on June 20, 2017, but counsel for Benton refused the delivery.

On June 20, 2017, Lion's counsel received a notice, by email, from the trial court indicating that Benton had filed a "Praecipe to Enter Stipulated Judgment" in the amount of $95,000.00; the court entered judgment against Lion on that same date. On June 21, 2017, Defendant filed a petition to open and/or strike the stipulated judgment alleging that it mailed the installment check on June 13, 2017, and that Benton's counsel did not contact them or their attorney to notify them that payment was not received.

On July 17, 2017, the trial court denied Defendants' petition to strike and/or open the stipulated judgment. The Honorable Gary Glazer explained his reason for denying Lion Construction's petition as follows:

"[C]ontrary to Defendants' assertions, the Settlement Agreement provides Defendants with no right to cure a default. The language in section 6 permits Defendants to replace a check that was timely picked up for overnight shipping if it went astray, if a tracking number and overnight shipping were provided. It is not argued that Defendants provided Plaintiffs with a tracking number for overnight shipping.   There is no language in the Agreement requiring notice and opportunity to cure.  Accordingly, the Petition is denied."

Defendants filed a motion for reconsideration and request for an evidentiary hearing on July 21, 2017.  The court denied the motion on July 28, 2017.

***Benton Student Hous., LLC v. Lion Constr., LLC***, No. 2609 EDA 2017, 2018 WL 1386988, at 1–3 (Pa. Super. Mar. 20, 2018) (citations and footnotes omitted).  Lion Construction appealed.

On appeal, Lion Construction argued that it had asserted meritorious defenses, and therefore the judgment should be opened.  First, Lion Construction argued that under paragraph 6, of the Agreement titled "Default" had the right to a one day cure.  Benton was required to notify Lion Construction that it had not received payment timely; within one day thereafter, Lion Construction had the opportunity to provide a replacement check.

We agreed with the trial court that this "cure" provision applied only where Lion Construction sent payment by overnight delivery with tracking and not where Lion Construction sent it via regular mail, as Lion Construction had done.  Therefore, we concluded that Lion Construction failed to establish that under the circumstances it had a right to cure under the Default paragraph of

- 4 -

the Agreement, and was in default under the Agreement for failure to timely pay.

Regarding Lion Construction's alternative argument that "the default was cured by Benton's possession of the check prior to [] Benton's filing" of the stipulated judgment, we concluded that this was a meritorious issue. *Id.* at 7. Paragraph 3 of the Agreement provided that "the Stipulated Judgment shall not be filed of record unless and until the occurrence of an uncured Default hereunder." Paragraph 7 also referenced an "uncured Default". Benton claimed that although a prior version of the Agreement had included a 10 day cure provision, it was removed in exchange for pushing back the due date for the monthly installments. However, we found that these "uncured Default" references in the Agreement were ambiguous, and "further discovery in the matter and/or testimony at a hearing [was] required to determine the true intent of the 'uncured' language in the Agreement." *Id.* Thus, we reversed the trial court's order denying Lion Construction's petition to open and/or strike the stipulated judgment, and remanded for further proceedings. *Id.*

Upon remand the trial court ordered the deposition of Lion Construction's attorney, and required the attorneys who drafted the Settlement Agreement to submit affidavits attesting to their interpretation of the "uncured Default" language in the Agreement. This information was sufficient for the trial court to render a decision without a hearing. By order dated May 25, 2018, the trial court reinstated its original order of July 17,

2017, denying Lion Construction's emergency petition to strike and/or open. This timely appeal followed.

On appeal, Lion Construction raises the following single issue:

1. Whether the judgment should be opened because, in accordance with Pennsylvania Rule of Civil Procedure 2959, Lion Construction alleged a meritorious defense and provided sufficient evidence to create an issue for a jury that the technical default was cured by the delivery of Lion Construction's payment to Benton prior to Benton's filing of the stipulated judgment and/or Lion Construction's tender of a replacement check within one day of receiving notice of a late payment from Benton?

*See* Lion Construction's Brief at 4.

Lion Construction argues that this Court should reverse the trial court and open the judgment because, as it alleged, it had a right to cure its default under the Agreement by tendering its replacement check to Benton prior to Benton's filing of the stipulated judgment. The trial court concluded that based upon its interpretation of the Agreement's "uncured Default" language, as clarified by deposition evidence and affidavits, Lion Construction did not establish that it had a right to cure. We agree.

We first note, as the trial court and Benton did, that Lion Construction again argues that the Agreement provided for a one-day cure period, regardless of the shipping method used. Lion Construction's Brief at 18. This Court affirmed the trial court's previous ruling on that issue, holding that Lion Construction could provide a replacement check within one day of being notified by Benton that it did not receive payment. However, this cure only

applied when Lion Construction sent payment using an overnight delivery service. We further observe that much of the deposition testimony from Lion Construction's Chief Operating Officer at the time the Agreement was drafted primarily focused on this issue and the Agreement's language providing for the one-day cure. Similarly, counsel for Lion Construction who negotiated the Agreement on its behalf, focused on the interpretation of the Default paragraph in his affidavit. We therefore agree with the trial court that Lion Construction failed to explain the intent behind the phrase "uncured Default" referenced in paragraphs 3 and 7 of the Agreement which was the purpose of our remand. The trial court further observed:

> Conversely, counsel for [Benton] credibly attests that the inclusion of the words 'uncured default' was a scrivener's error. In his affidavit he states,
>
>> We unfortunately overlooked the fact that paragraphs 3 and 7 reference to an 'uncured default.' However that reference was in error and should have been removed from the settlement agreement once the parties agreed that [Lion Construction] had no right to cure the default, was clearly stated in paragraph 7."

Trial Court Opinion, 5/25/18, at 2. The trial court found this explanation logical "given the many revisions the parties' agreement underwent prior to its finalization." *Id.* "Initially, the [A]greement provided for a ten day cure period, but that cure period was removed from the [A]greement's final version in exchange for extending defendants' monthly payment date from the 1st of the month to 15th of the month" with which Lion Construction's counsel agreed. *Id.* Therefore, as the trial court found, the "uncured Default"

language in paragraphs 3 and 7 did not afford Lion Construction with another method for curing a default. Consequently, Lion Construction's assertion that it could cure its technical default by giving Benton another check, so long as it was done prior to the filing of the Stipulated Judgment, is without merit. Thus, there was no basis upon which the trial court could open the judgment. Because Lion Construction did not comply with the terms of the settlement agreement, the trial court concluded the stipulated judgment filed by Benton was proper. We therefore conclude that the trial did not abuse its discretion or commit an error of law when it again denied Lion Construction's emergency petition to open and/or strike the stipulated judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/19